UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHLEEN MANTOOTH, ) | |
| RICHARD MANTOOTH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. CIV-24-1192-R |
| ) | |
| CITY OF SHAWNEE, ) | |
| Defendants. ) | |

## ORDER

This action arises from the arrest of Plaintiffs Richard and Kathleen Mantooth by police officers employed by Defendant City of Shawnee.[1] Defendant City filed a Motion to Dismiss [Doc. No. 6] pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs did not file a response to the motion or request additional time in which to do so. Accordingly, the matter is now at issue.[2]

---

[1] Plaintiffs originally filed separate cases but they were consolidated into this action because they involve common questions of law and fact, involve the same defendant, and arise out of the same events. *See* Order [Doc. No. 6], *Richard Mantooth v. City of Shawnee*, Case No. CIV-24-1193-R (W.D. Okla. Nov. 26, 2024). The relevant allegations in their respective Petitions are the same.

[2] This Court's local rules permit the Court to deem unopposed motions confessed. LCvR 7.1(g). However, the Tenth Circuit has instructed that "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). Accordingly, the Court considers the merits of Defendant's motion.

Plaintiffs' Petition[3] alleges that City of Shawnee police officers "pursued an arrest warrant with deliberate falsehoods" and falsely arrested Plaintiffs. Plaintiffs were allegedly imprisoned in the county jail for over two weeks until they could post bond. The local district attorney's office filed a criminal case based on the investigation reports, but the case was ultimately dismissed. Based on these allegations, Plaintiffs assert a claim for "wrongful arrest and violation of civil rights," although they do not specify which constitutional right was purportedly violated.

Defendant City of Shawnee argues that Plaintiffs' constitutional and state law claim should be dismissed pursuant to Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In assessing plausibility, a court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, conclusory allegations are not entitled to the assumption of truth and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012); *see also Iqbal*, 556 U.S. at 678–79.

Assessed under these standards, Plaintiffs' pleading fails to state a plausible claim. To succeed on a constitutional claim against a municipal entity such as the City of Shawnee,

---

[3] The action was originally filed in state court and removed on the basis of federal question jurisdiction.

a plaintiff must establish an underlying constitutional violation and show that the government entity's official policy caused the constitutional injury. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). Here, Plaintiffs' Petition appears to be alleging a Fourth Amendment violation based on a police officer obtaining an arrest warrant "with deliberate falsehoods." Plaintiffs have not, however, included any factual grounds in support of this assertion. They do not allege what information was false or how the officer knew it was false. Plaintiffs have also failed to include any allegations showing that a policy or custom of the City of Shawnee was the cause of a constitutional violation. As a result, Plaintiffs have failed to state a plausible claim for a violation of their constitutional rights. Their state law claim is similarly deficient. Although they appear to be asserting a claim premised on a false arrest, they have not included factual allegations, as opposed to mere conclusory assertions, explaining what falsehoods were included in their arrest warrant.

Defendant City of Shawnee's Motion to Dismiss [Doc. No. 6] is therefore GRANTED. This action is dismissed without prejudice for failure to state a claim.

IT IS SO ORDERED this 13th day of January, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE